### No. 8676.

### Orleans Appeal.

---

OTIS C. SNELL, Appellant, v. J. WATTS KEARNY & SONS.

(November 3, 1924, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest, Evidence, Par. 272.
In a suit for the value of movables alleged to have been sold but not delivered by defendant, evidence as to verbal conversations between the parties had previous to correspondence which consummated the sale, is admissible, together

with this correspondence, to make certain that which is uncertain regarding the exact property intended to be conveyed.

**(See Civil Code, Art. 2277—Editor's Note.)**

**2. Louisiana Digest, Appeal, Par. 625.**
Where issues of fact are alone involved, the judgment appealed from will be affirmed, unless obviously erroneous.

Appeal from the Civil District Court for the Parish of Orleans, Division "E", Hon. Percy Saint, Judge.

This is a suit to enforce delivery of movable property. Judgment for defendant. Plaintiff appealed.

Judgment affirmed.

Prowell & Prowell, H. G. Hungate, attorneys for plaintiff and appellant.

Hall, Monroe & Lemann, attorneys for defendant and appellee.

BELL, J. Plaintiff sues defendants for the value of property which he claims defendants failed to deliver to him as part of a sale of certain movables. Appeal is taken from a judgment rejecting his demand.

Only issues of fact are involved in this case, and from the preponderance of evidence offered by defendants without plaintiff's objection thereto, it appears to be a positive fact that before any correspondence passed between the parties regarding the sale, there was a verbal conversation leading up to the transaction. In this conversation it appears that plaintiff offered to buy all metal scrap material contained in the brick yard of defendants, then under lease to one Campbell. Both defendants corroborate each other as to this conversation, and it is not denied by plaintiff that same occurred. On the contrary, the first letter of plaintiff, dated June 11, 1917, shows that such previous verbal negotiations were had between him and defendants. It is further shown by the evidence that the brick yard was operated by a former lessee under a method requiring the use of metal ma-

terial and machinery, all of which was discarded when Campbell, the subsequent lessee, took charge and adopted another and different method of manufacturing brick. There is extensive correspondence in the record, some of which, in the absence of the verbal testimony of defendants, and in the absence of their letter of June 20, 1917, might justify the contention that some material other than the metal material was included in the sale. However, the verbal, uncontradicted testimony referred to, as well as the subsequent conduct of the plaintiff, and the contents of the above letter, remove all doubt as to the exact property intended to be conveyed. The letter is as follows:

"June 20, 1917.

"Mr. S. J. Campbell,
        "Ponchatoula, La.

"Dear Sir:
    "We have sold to Mr. O. C. Snell all of the metal material on hand at our yard except such material as is required in the manufacture of brick under the requirements which you are now manufacturing.

    "Will you kindly, therefore, deliver to Mr. O. C. Snell all such metal material as you are not using and are not required in your present method of manufacturing brick.
                "Yours very truly,
"ENK-E."

The conduct of the plaintiff, made plain by his own testimony, shows that he intended to buy from defendants only the metal material mentioned in the above letter, and only such metal material as was not being required in lessee Campbell's then method of manufacturing brick. This intention on the part of plaintiff is made certain from the fact that defendants did not send this letter directly to Campbell but enclosed same in another letter ad-

dressed by defendants to plaintiff and reading as follows:

"June 20, 1917.

"Mr. O. C. Snell,
    "Hammond, La.

"Dear Sir:
    "We have your check, received today, No. 337, on the Hammond State Bank, Hammond, La., and we are attaching hereto order on Mr. S. J. Campbell, Ponchatoula, for delivery of material.

"Yours very truly,
"ENK-E."

Plaintiff admits the receipt of the above letter, containing the enclosed order-letter to Campbell and admits that he delivered the latter himself to Campbell, before attempting to remove any material of any sort from the yards. He also admits that when he attempted to remove any material other than metal material—such as lumber and brick—Campbell at once protested, even threatening him with a gun, for persisting in such an attempt.

It is impossible to conceive that plaintiff, knowing, as he was bound to know, the contents of the order-letter, could have presented same to Campbell without immediately protesting to defendants that he had bought other material than that mentioned in the order-letter. The evidence, however, shows that he at no time questioned the contents of the order-letter to either Campbell or the defendants until several months afterwards and then only through his attorneys. Meanwhile, plaintiff was attempting, as best he could, to remove other material than that mentioned in the order-letter. These are all the salient facts which we find in the record, and they are such as in our opinion thoroughly justify the judgment rendered by the trial court.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed at plaintiff's costs in both courts.